

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-25-00075-CV

---

IN RE JEREMY WAYNE ATKINS

---

Original Mandamus Proceeding

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

Jeremy Wayne Atkins has filed a pro se petition for a writ of mandamus asking this Court to compel the Honorable Keli Aiken, judge of the 354th Judicial District Court of Hunt County (the trial court), to vacate the trial court's orders of August 19 and 21, 2025, and to direct the trial court to transfer the underlying matter to Rockwall County. We deny Atkins's petition.

Rule 52.7(a)(1) of the Texas Rules of Appellate Procedure states that a "[r]elator must file with the petition . . . a certified or sworn copy of every document that is material to the relator's claims for relief *and that was filed in any underlying proceeding*." TEX. R. APP. P. 52.7(a)(1) (emphasis added). Also, Rule 42.3(k)(1)(B) of the Texas Rules of Appellate Procedure states, "The appendix . . . must contain . . . a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(B). Here, Atkins failed to provide a certified copy of the underlying pleadings in this matter, including, but not limited to, the motion to enforce filed by Atkins to initiate the underlying proceeding. Among other inadequacies, Atkins's appendix contained unsworn copies of filings in the underlying proceeding. While Atkins included an affidavit in his appendix, the affidavit served to show this Court that no ruling was entered on his motions to transfer. An affidavit in a mandamus proceeding "'must affirmatively show it is based on the personal knowledge of the affiant'; the affidavit 'is insufficient unless the statements in it are direct and unequivocal and perjury can be assigned to them.'" *In re Long*, 607 S.W.3d 443, 445 (Tex. App.—Texarkana 2020, orig. proceeding) (quoting *In re Henderson*, No. 06-15-00034-CR, 2015 WL 13522812, at *1 (Tex. App.—Texarkana Mar. 10, 2015, orig. proceeding) (mem. op., not

2

designated for publication)); *see also In re Quintana*, No. 02-15-00305-CV, 2015 WL 6395639, at *2 (Tex. App.—Fort Worth Oct. 22, 2015, orig. proceeding) (mem. op.) (per curiam) (finding insufficient the recitation that "documents attached in the appendix are documents filed in this cause of action"); *In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding) (finding insufficient the recitation that "[t]he documents contained in the attached Record and attached Appendix to the Relators' Petition for Writ of Mandamus are to my knowledge true and correct copies of the original documents"); *In re Gentry*, No. 05-20-00442-CV, 2020 WL 2519892, at *1 (Tex. App.—Dallas May 18, 2020, orig. proceeding) (mem. op.) (finding insufficient the recitation on a certification that the petition was "TRUE and CORRECT, to the best of my knowledge under the threat of perjury")).

Atkins has the burden to properly request and show his entitlement to mandamus relief. *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.") To do so, "he must show that he has no adequate remedy at law to redress his alleged harm" and "that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision." *State ex rel. Young v. Sixth Jud. Dist. Ct. of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

"'Because the record in a mandamus proceeding is assembled by the parties,' we must 'strictly enforce[] the authentication requirements of rule 52 to ensure the integrity of the mandamus record.'" *In re Long*, 607 S.W.3d at 445 (alteration in original) (quoting *In re Smith*, No. 05-19-00268-CV, 2019 WL 1305970, at *1 (Tex. App.—Dallas Mar. 22, 2019, orig.

proceeding) (mem. op.)). For these reasons, we conclude that Atkins has failed to comply with the Texas Rules of Appellate Procedure and has not met his burden to provide a record sufficient to show himself entitled to mandamus relief.

Accordingly, we deny Atkins's petition for a writ of mandamus. Further, Atkins's motion for temporary relief is denied as moot.

Charles van Cleef
Justice

Date Submitted:     September 3, 2025
Date Decided:      September 4, 2025